KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
office: (702) 385-5534
fax: (702) 385-1869
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN WINTERROWD, Individually, | 2:18-cv-00708-APG-NJK |
| Plaintiff, | |
| vs. | |
| NV ENERGY, INC., a Nevada corporation; DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive, | |
| Defendants. | |

**AMENDED COMPLAINT**
**Jury Trial Demanded**

COMES NOW, the Plaintiff, JOHN WINTERROWD, by and through his undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Amended Complaint against the Defendant, said Amended Complaint filed pursuant Fed. R. Civ. P. 15(a)(1)(3), which allows the filing of an amended complaint within 21 days of service of the Defendant's motion to dismiss, Dock. 6, served 5/16/18, and would allege as follows:

1. Plaintiff, JOHN WINTERROWED,  is a resident of the State of Florida, however, he did reside in Clark County, Nevada during all events complained of in this action.

2. Defendant, NV ENERGY, INC., is a Nevada corporation and did so operate herein during all events complained of in this action.

3. Defendant named herein is an employer within the jurisdictional coverage of the Age Discrimination in Employment Act and Nevada's anti-discrimination statutes.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names

and capacities when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.  Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5.  Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission(34B-2017-01057), which was filed on or about September 12, 2017. The Equal Employment Opportunity Commission assumed jurisdiction over Plaintiff's charge and notice of the charge was served upon the Defendant per statutory requirements.

6.  More than sixty days has lapsed since the filing of the charge of discrimination and Plaintiff is therefore entitled to file this age discrimination based action pursuant to federal law.

7.  Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendant operates in Clark County, Nevada; and jurisdiction is predicated upon a federal cause of action under the Age Discrimination in Employment Act.

8. Plaintiff, a male over the age of 50 years,  was an employee of the Defendant from June 11, 1999, to his constructive discharge on October 18, 2016;  his last position was that of an Combined Cycle Operator.

9.  At all relevant times herein, Plaintiff was under the supervision of Operations Manager and Defendant's employee Andy Anderson, as well as additional supervisors Ted Gretz, Michael Ryder and  Gary Hodgeman.

10.  Plaintiff endured various forms of discriminatory conduct based on his protected category age, 50, from his supervisors which consisted of the following:

a.  disparate treatment based on his age in the form of unfair and unfounded criticisms of

his work and performance, which younger employees of the Defendant did not endure, including regular and frequent harassment from supervisors Andy Anderson, Michael Ryder and Gary Hodgeman regarding Plaintiff's pay and seniority with the Defendant, which other, younger, employees did not endure;

b. unequal treatment by management against Plaintiff due to his protected age category regarding the terms and conditions of his employment as opposed to younger co-workers, including unfounded and pretextual disciplinary actions instigated by supervisors Anderson and Ryder, unequal treatment regarding job assignments, which younger employees did not endure, unequal treatment and criticism against Plaintiff's job seniority and pay level, which younger employees did not endure; supervisors violating Plaintiff's privacy by exposing his time cards to other co-workers in order to embarrass and foster harassment against Plaintiff, which younger employees did not endure;

c. disparaging comments and statements by supervisors Ryder and Hodgman, including regular and frequent verbal abuse, harassing statements and negative comments by both supervisors against Plaintiff regarding his job performance, his job assignments, his supervisory abilities and the extent of his pay compared to other co-workers, which younger employees did not endure;

d. Defendant intentionally failing and refusing to address and resolve a discrimination complaint submitted by Plaintiff to management and Defendant's supervisors ignoring Plaintiff's efforts to report complaints and concerns, which younger employees did not endure;

e. Defendant treating Plaintiff in a disparate and adverse manner as opposed to younger co-workers by delegating work assignments which were overwhelming and/or inadequately staffed in an effort to cause harm to Plaintiff's terms and conditions of employment;

f. Defendant's supervisors denied Plaintiff work shift opportunities that were offered to other, younger co-workers;

g. Defendant's supervisors Ryder, Anderson and Hodgeman fostering an overall hostile work environment against Plaintiff predicated upon his protected age category, which

resulted in his constructive discharge on October 18, 2016, said hostile work environment including regular and frequent disparaging comments and negative statements by supervisors Ryder and Hodgeman against Plaintiff regarding his job performance, his job assignments, his supervisory abilities and the extent of his pay compared to other co-workers, which younger employees did not endure;

h.  Defendant's supervisors, through the conduct alleged herein, created and fostered an intolerable and adverse work environment such that the Plaintiff was forced into a constructive discharge from his employment with the Defendant as a direct result of the frequent, severe and pervasive harassment and adverse actions of the Defendant's supervisors that was directed at Plaintiff, as opposed to younger co-workers;

i.  the denial of other workplace rights and protections by the Defendant and other harm.

11. Plaintiff notified the Defendant that its actions and conduct were wrongful and that Plaintiff was suffering discriminatory harm based on his age.

12. Defendant and its agents failed to protect Plaintiff from the harm caused by the discriminatory conduct of its agents, said Defendant being on notice that Plaintiff was over 40 years of age and in a protected class; that he was qualified for his position and performing satisfactorily; and that he suffered a constructive discharge under wrongful circumstances giving rise to an inference of age discrimination given that the Defendant still had a need for Plaintiff's skills and services.

13. Plaintiff has suffered harm and damages as a result of Defendant's conduct as set forth herein in an amount according to proof at trial.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT and NEVADA LAW

14. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff, a male over the age of 50 years, was subjected to regular and frequent acts of discrimination, harassment, intimidation and unequal treatment based on his protected

age category, over 40, as well as an overall hostile work environment, as a result of conduct and actions of agents of the Defendant, said conduct in violation of the Age Discrimination in Employment Act and Nevada state law.  This conduct includes, *but is not limited to*, Plaintiff endured various forms of discriminatory conduct and harassment based on his over 40 age; which included pervasive and ongoing verbal abuse, threats and intimidation from his supervisors; a hostile work environment predicated upon Plaintiff's over 40 age; which included verbal abuse, threats and intimidation; unequal treatment as opposed to other, younger employees/co-workers;  disparate treatment as opposed to other younger employees/co-workers;  unfounded disciplinary actions and a wrongful constructive discharge.

16. Plaintiff endured various forms of discriminatory conduct based on his over 40 protected age category  from  his supervisors, which consisted of the following:

a. disparate treatment based on his age in the form of unfair and unfounded criticisms of his work, his performance and his pay level, which younger employees of the Defendant did not endure, including regular and frequent harassment from supervisors Andy Anderson, Michael Ryder and Gary Hodgeman regarding Plaintiff's pay and seniority with the Defendant, which other, younger, employees did not endure;

b.  unequal treatment by supervisors Anderson, Ryder and Hodgeman against Plaintiff due to his protected age category regarding the terms and conditions of his employment as opposed to younger co-workers, including unfounded and pretextual disciplinary actions instigated by supervisors Anderson and Ryder; unequal treatment regarding job assignments, which younger employees did not endure; unequal treatment and criticism against Plaintiff's job seniority and pay level, which younger employees did not endure; supervisors violating Plaintiff's privacy by exposing his time cards to other co-workers in order to embarrass and foster harassment and resentment against Plaintiff, which younger employees did not endure;

c. disparaging comments and statements by supervisors Ryder and Hodgeman, including regular and frequent verbal abuse, harassing statements and negative comments by both supervisors against Plaintiff regarding his job performance, his job assignments, his

5

supervisory abilities and the extent of his pay compared to other co-workers, which younger employees did not endure;

d. Defendant intentionally failing and refusing to address and resolve a discrimination complaint submitted by Plaintiff to management and Defendant's supervisors ignoring Plaintiff's efforts to report complaints and concerns, which younger employees did not endure;

e. Defendant treating Plaintiff in a disparate and adverse manner as opposed to younger co-workers by delegating work assignments which were overwhelming and/or inadequately staffed in an effort to cause harm to Plaintiff's terms and conditions of employment;

f. Defendant's supervisors denied Plaintiff work shift opportunities that were offered to other, younger co-workers;

g. Defendant's supervisors Ryder, Anderson and Hodgeman fostering an overall hostile work environment against Plaintiff predicated upon his protected age category, which resulted in his constructive discharge on October 18, 2016, said hostile work environment including regular and frequent disparaging comments and negative statements by supervisors Ryder and Hodgman against Plaintiff regarding his job performance, his job assignments, his supervisory abilities and the extent of his pay compared to other co-workers, which younger employees did not endure;

h. Defendant's supervisors, through the conduct alleged herein, created and fostered an intolerable and adverse work environment such that the Plaintiff was forced into a constructive discharge from his employment with the Defendant as a direct result of the frequent, severe and pervasive harassment and adverse actions of the Defendant's supervisors that was directed at Plaintiff, as opposed to younger co-workers;

i. the denial of other workplace rights and protections by the Defendant and other harm.

17. Plaintiff notified the Defendant that its actions and conduct were wrongful and that Plaintiff was suffering discriminatory harm based on his age, however, the Defendant and its agents failed to protect Plaintiff from the harm caused by the discriminatory conduct of its agents, said Defendant being on notice that Plaintiff was over 40 years of age and in a

protected class; that he was qualified for his position and performing satisfactorily; and that he suffered a constructive discharge under wrongful circumstances giving rise to an inference of age discrimination given that the Defendant still had a need for Plaintiff's skills and services.

18.  As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial. To the extent that the Defendant's conduct was wilful and malicious, Plaintiff also seeks an award of punitive damages in an amount according to proof at trial.

.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.  For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2.  For back pay and front pay according to proof at trial.

3.  For the loss of employee retirement benefits.

4.  For punitive damages, if allowable, according to proof at trial.

5.  For reasonable attorney's fees incurred herein.

6.  For costs of suit and prejudgment interest.

7.  For such other and further relief deemed appropriate by this Court.

Dated this 24th day of May, 2018.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## JURY TRIAL DEMAND

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 24th day of May, 2018.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby affirm that on this 24th day of May, 2018, I served a copy of the foregoing upon the Defendant via U.S. Mail and the CM/ECF system to the following:

Karyn M. Taylor, Esq.
Nevada Energy
6100 Neil Road
Reno, NV 89511

Roger L. Grandgenett, II, Esq.
Littler Mendelson
3960 Howard Hughes Pkwy., Ste. 300
Las Vegas, NV 89169

/s/Kirk T. Kennedy
Law Office of Kirk T. Kennedy, Esq.